UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE J. CHANCE,<br><br>    Plaintiff,<br><br>    v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY and CHASE INSURANCE LIFE AND ANNUITY COMPANY,<br><br>    Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS | No. 1:15-cv-01588-DAD-MJS<br><br>ORDER GRANTING APPLICATIONS FOR APPOINTMENT OF GUARDIAN AD LITEM<br><br>(Doc. Nos. 25–26)<br><br>ORDER GRANTING PETITION FOR MINORS' COMPROMISE<br><br>(Doc. No. 27) |

    Before the court are petitions filed by plaintiff Leslie Chance seeking appointment as guardian ad litem to her minor children, S.D.C. and S.N.C., cross-defendants in this action. (Doc. Nos. 25–26.) In addition, plaintiff Leslie Chance, on behalf of her minor children, S.D.C. and S.N.C., petitions the court for an order approving a compromise of the minors' claims. (Doc. No. 27.) A hearing on the petition for minors' compromise was held March 8, 2016. Attorney Craig A. Edmonston appeared with and on behalf of plaintiff and cross-defendant Leslie Chance, cross-defendant Jessica Bullman, and cross-defendants S.D.C. and S.N.C. Attorney Alexandra Drury appeared telephonically on behalf of defendant and cross-claimant Protective Life Insurance Company.

1

Having considered the parties' requests and heard oral argument, and for the reasons set forth below, the court GRANTS the applications for appointment of Leslie Chance as guardian ad litem to S.D.C. and S.N.C., and GRANTS the petition for minors' compromise.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, defendant Chase Insurance Life and Annuity Company ("Chase") issued a life insurance policy providing a benefit in the amount of $250,000.00 to decedent Todd Chance. (*See* Doc. No. 8 at 10; *see also* Doc. No. 27-2, Ex. A.) The life insurance policy designated Leslie Chance as the sole primary beneficiary, and "[a]ll surviving children of insured equal shares" as contingent beneficiaries. (Doc. No. 27-2 at 10.) That same year, defendant Protective Life Insurance Company ("Protective") acquired Chase, and pursuant to the merger, assumed all obligations and liability under the life insurance policy. (*See* Doc. No. 8 at 10–11.)

On August 25, 2013, Todd Chance died. (Doc. No. 27 at 2.) Todd Chance left three surviving children: Jessica Bullman (age 26), S.D.C. (age 17), and S.N.C. (age 15). (*Id.*) On several occasions following Todd Chance's death, plaintiff Leslie Chance made claims for the benefit, but Protective refused to pay. (*Id.*) As the parties acknowledge, Protective's refusal to pay, at least through May 2015, was due to an ongoing investigation of Todd Chance's death by the Kern County Sheriff's Department. (*See* Doc. No. 8 at 11–12).

On August 25, 2015, Plaintiff Leslie Chance commenced this action for breach of contract and declaratory relief, in Kern County Superior Court. (*See* Doc. No. 2-1.) On October 16, 2015, defendant Protective removed this action from state court. (Doc. No. 1.) On November 12, 2015, defendants filed an answer to the complaint and a cross-complaint in interpleader against the Todd Chance's three children. (Doc. No. 8.) On January 7, 2016, the parties filed a notice of joint settlement. (Doc. No. 22.) On February 5, 2016, plaintiff Leslie Chance filed two applications seeking appointment as guardian ad litem to each of her minor children. (Doc. Nos. 25–26.) On the same day, plaintiff filed a petition for minors' compromise on behalf of each of her minor children with regard to the joint settlement. (Doc. No. 27.)

Pursuant to the settlement agreement (*see* Doc. No. 27-2, Ex. B), dated January 7, 2016, plaintiff Leslie Chance agrees to withdraw her claims and disclaim any and all interest in or rights

to the life insurance policy. In exchange, defendant Protective has paid one-third of the policy proceeds, in the amount of $89,354.92, to Jessica Bullman and her attorney. (Doc. No. 27 at 3.) Upon court approval, defendant Protective agrees to pay one-third shares of the policy proceeds to each of the minor children, S.D.C. and S.N.C. (*Id.*)[1]

## APPOINTMENT OF GUARDIAN AD LITEM

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17 provides that "[t]he court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Local Rule 202(a) of this court further states, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. *See* Fed. R. Civ. P. 17(c).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986).

Plaintiff Leslie Chance petitions the court to appoint her as guardian ad litem to each of her minor children, S.D.C. and S.N.C. (Doc. Nos. 25–26.) Petitioner contends that because she no longer has an interest in the life insurance policy for Todd Chance, pursuant to the settlement agreement in which she disclaimed any and all interest in or rights to the life insurance policy, she is qualified to act as guardian ad litem. (*Id.*) Following the hearing during which the court questioned both plaintiff Leslie Chance and her minor children and finding good cause and no actual or potential conflicts of interest, the court appoints Leslie Chance as guardian ad litem of

---

[1] After the hearing, defendant Protective informed the court that the minor children are each to be paid a sum of $89,724.72, in accordance with the terms of the settlement agreement. This amount reflects a one-third portion of the face amount of the life insurance policy ($83,333.33), plus a premium refund ($26.36), plus interest accrued from the date of the death through March 8, 2016 ($6,365.03).

1   each of her minor children, S.D.C. and S.N.C.

2                              APPROVAL OF MINORS' COMPROMISE

3         This court has a duty to protect the interests of minors participating in litigation before it.
4   *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  To carry out this duty, the court
5   must "conduct its own inquiry to determine whether the settlement serves the best interests of the
6   minor."  *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th
7   Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and
8   evaluate any compromise or settlement of a minor's claims to assure itself that the minor's
9   interests are protected, even if the settlement has been recommended or negotiated by the minor's
10  parent or guardian ad litem.") (citation omitted).  In considering the fairness of a settlement of a
11  minor's claim, federal courts sitting in diversity generally are guided by state law.[2]  *See* Tashima
12  & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. &
13  9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in
14  accordance with applicable state law.  California law requires court approval of the fairness and
15  terms of the settlement.").  A settlement for a minor and attorney's fees to represent a minor must
16  be approved by the court.  Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.  Reasonable expenses
17  and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob.
18  Code § 3601.  In addition, the Local Rules of this court require disclosures regarding the minors
19  involved, the nature of the controversy, the manner in which the compromise was determined,
20  and whether a conflict of interest may exist between the minor and her attorney.  *See* Local Rules
21  202(b)–(c).
22  /////

---

[2] In *Robidoux*, the Ninth Circuit held that a district court's inquiry into a proposed settlement should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases."  638 F.3d at 1182.  In *Robidoux*, however, the court expressly limited its holding to cases involving settlement of a minor's federal claims and declined to "express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims," as is the case here.  *Id.* at 1179 n.2.  Accordingly, while mindful of the decision in *Robidoux,* this court will place more weight on state law considerations in evaluating the proposed settlement here.

Here, the proposed settlement agreement provides that defendant Protective will pay each of Todd Chance's surviving children a one-third share of the death benefits under the life insurance policy at issue. Thus, each minor will receive an amount similar to that to which she would likely be entitled as a contingent beneficiary under the plan. Having carefully reviewed the parties' submissions, the court finds that the proposed settlement is fair and reasonable.

In addition, the instant petition seeks an order awarding attorney's fees amounting to 25% of the total recovery for each minor. Is has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors. *See, e.g.*, *Mitchell v. Riverstone Residential Grp.*, No. 2:11-cv-02202-LKK-CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); *McCue v. South Fork Union Sch. Dist.*, NO. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); *Welch v. Cty. of Sacramento*, No. 2:07-cv-00794-GEB-EFB, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); *Red v. Merced Cty.*, No. 1:06-cv-01003-GSA, 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008); *Schwall v. Meadow Wood Apartments*, No. 2:07-cv-00014-LKK, 2008 WL 552432, at *1, (E.D. Cal. Feb. 27, 2008); *Walden v. Moffett*, No. 1:04-cv-06680-LJO-DLB, 2007 WL 2859790, at *3 (E.D. Cal. Sept. 20, 2007). The court finds the award of attorney's fees sought by the petition before the court to be reasonable under the circumstances.

## ORDER

Accordingly, for the reasons stated above,

1. The court GRANTS the applications for appointment of guardian ad litem (Doc. Nos. 25–26);

2. The court APPOINTS Leslie Chance guardian ad litem of S.D.C. and S.N.C., minors and cross-defendants to this action; and

3. The court GRANTS the petition for minors' compromise (Doc. No. 27), and further orders that the proceeds are to be paid and distributed as follows:

    a. Defendant Protective shall electronically wire or otherwise deposit to Chase Bank, 5277 Gosford Road, Bakersfield, CA 93313, the settlement proceeds (after deduction of attorney's fees and costs) in the net amount of $67,110.54.

   These proceeds shall be deposited and held in a blocked account with the highest available yield, as determined by the guardian ad litem for the benefit of minor S.D.C., and may only be withdrawn by minor S.D.C., upon an order of this court or when she reaches the age of 18, on June 25, 2016.

  b. Attorney Craig A. Edmonston shall be paid the sum of $22,431.18 in attorney's fees, plus $183.00 for costs incurred in the representation of minor S.D.C.

  c. Defendant Protective shall electronically wire or otherwise deposit to Chase Bank, 5277 Gosford Road, Bakersfield, CA 93313, the settlement proceeds (after deduction of attorney's fees and costs) in the net amount of $67,110.54. These proceeds shall be deposited and held in a blocked account with the highest available yield, as determined by the guardian ad litem for the benefit of minor S.N.C., and may only be withdrawn by minor S.N.C., upon an order of this court or when she reaches the age of 18, on July 12, 2018.

  d. Attorney Craig A. Edmonston shall be paid the sum of $22,431.18 in attorney's fees, plus $183.00 for costs incurred in the representation of minor S.N.C.

Finally, in light of the parties' joint notice of settlement (Doc. No. 22) and the resolution of the minors' compromise, the court further directs the parties to file a stipulation and proposed order dismissing this action no later than May 6, 2016. A failure to comply with this directive may result in the dismissal of this action by the court pursuant to its own authority.

IT IS SO ORDERED.

Dated: **March 9, 2016**          _/s/ Dale A. Drozd_
                    UNITED STATES DISTRICT JUDGE